**Henry Lee LANE, III, Executor of the Estate of Henry Lee Lane, Jr., Deceased, Plaintiff,**

v.

**WELLMONT HEALTH SYSTEM d/b/a Lonesome Pine Hospital, Defendant.**

**No. Civ.A. 98–0049–B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

Jan. 12, 1999.

**478**

S.D. Roberts Moore, Roanoke, VA, Juliana F. Perry, Roanoke, VA, for plaintiff.

L. Thompson Hanes, Joel M. McCray, Roanoke, VA, Richard E. Ladd, Jr., Abingdon, VA, for defendant.

*MEMORANDUM OPINION*

GLEN M. WILLIAMS, Senior District Judge.

### I. Facts and Procedural History

The decedent, Henry Lee Lane, Jr., became a resident of Heritage Hall, a skilled nursing facility, in 1996. Mr. Lane suffered from Alzheimer's disease and, because of an injury to his hip, was confined to a wheelchair. On or about March 29, 1997, the staff of Heritage Hall observed a change in Mr. Lane's health, and specifically noticed that the circulation in his left leg appeared to be impaired. Because of these observations, Mr. Lane was sent to Lonesome Pine Hospital, an institution owned and operated by Wellmont Health System, on March 31, 1997.

Mr. Lane was examined by a Dr. Strange, a physician on duty at Lonesome Pine. Dr. Strange concluded that Mr. Lane was suffering from cyanosis of the left leg, and instructed Mr. Lane not to cross his legs. No further treatment was given, and Mr. Lane was discharged.

Subsequently, Mr. Lane fell victim to a gangrenous condition of his left leg. He died on April 5, 1997, apparently as a result of that condition and other complications.

The executor of Mr. Lane's estate, Henry Lee Lane, III, filed this action against Wellmont Health System under 42 U.S.C. § 1395, commonly known as the Emergency Medical Treatment and Active Labor Act ("EMTALA"). The Defendant filed a Motion to Dismiss the suit, arguing that the claim was one of state-law malpractice which did not fall within the ambit of the EMTALA. The Plaintiff subsequently amended the Complaint in an effort to allege facts which would more clearly bring the case within the EMTALA.

This court dismissed the suit by Order dated October 22, 1998, holding that the Plaintiff had failed to state a claim cognizable under the EMTALA. However, upon the Plaintiff's Motion to Reconsider, that Order was withdrawn so as to allow the Plaintiff time to file a brief in response to the Motion to Dismiss.

The case is now properly before the court on the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. All briefs have been duly filed and considered. The court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

### II. The Standard Under Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, failure to state a claim upon which relief can be granted is a ground for dismissal. For purposes of a 12(b)(6) motion, all factual allegations in a plaintiff's complaint must be accepted as true. *Estate Const. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217–18 (4th Cir. 1994). A complaint should not be dismissed unless it is apparent that the plaintiff "would not be entitled to relief under any facts which could be proved in support of [the] claim." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991); *Conley v.*

*Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III. Law and Discussion

The EMTALA is not a federal malpractice statute. Rather, the Act is intended to address the problem of disparate treatment of patients based, at bottom, on the patients' ability to pay their medical bills. *Vickers v. Nash Gen. Hosp.,* 78 F.3d 139, 142–43 (4th Cir.1996). The original Complaint in this suit omitted any allegation that Henry Lane, Jr. was the victim of any disparate treatment for any reason. The amended Complaint did include an allegation that Lane was treated in a disparate manner. However, this court, upon consideration of the Complaint as a whole, ruled that the inclusion of these certain words did not transform what is essentially a claim of medical malpractice into a claim within the scope of the EMTALA. *See Vickers,* 78 F.3d at 144 (stating that mere inclusion of phrase "disparate treatment" does not automatically bring claim within EMTALA). After consideration of the Memorandum in Opposition to the Motion to Dismiss, the court adheres to its earlier ruling.

It may well be that Mr. Lane's condition was improperly diagnosed, and that this error constituted malpractice which led to his untimely death. The executor of Mr. Lane's estate is free to pursue such a claim in state court. But the amended Complaint, read as a whole, fails to state an EMTALA claim. The claim is not that Mr. Lane was given shoddy treatment or no treatment at all because he was different from any other patient. The claim is that the doctor made a mistake in doing what he did. No amount of wrangling or wordplay changes this fact.

It is true that most hospital patients are not the victims of malpractice. Therefore, to a certain extent, all of those who do suffer the effects of malpractice can be said to have been treated "differently" than others. If Mr. Lane's treatment was substandard, then we may hope that his case was the exception, rather than the rule. But this is not the "disparate treatment" contemplated by the EMTALA. *See Vickers,* 78 F.3d at 143–144.

The court is mindful of the language of *Conley v. Gibson,* quoted above, to the effect that a complaint should not be dismissed unless the allegations, if proven true, would not entitle the pleader to relief. The Plaintiff here urges blind allegiance to that statement. However, the court is also mindful of the statement of the Fourth Circuit in *Vickers,* a case which held that an EMTALA complaint could properly be dismissed despite the inclusion of some "disparate treatment" language, without offending the rule of *Conley.* The court also notes that the famous language of *Conley* emerged from the principle, set out in Rule 8 of the Federal Rules of Civil Procedure, that "all pleadings shall be construed as to do substantial justice." *Conley,* 355 U.S. at 48, 78 S.Ct. 99. This court would be remiss in its duty to uphold that principle if it allowed this claim to proceed simply because a "catch phrase," illogical in its inclusion, appears in the Complaint.

### IV. Conclusion

For the foregoing reasons, the Motion to Dismiss of Defendant Wellmont Health System is GRANTED.